Mr. Justice Clayton
delivered the opinion of the court.
This court has decided, on several occasions, that the final account of an executor or administrator, allowed and confirmed by the probate court, cannot be set aside after the. term of the court, at which it was confirmed, unless for fraud. 7 How. 188; 3 S. & M. 329. This case presents the question, whether the same rule is applicable to any other than a final settlement.
The usual course of decision is, that annual, or partial settlements, are only prima, facie evidence in favor of the executor or administrator, and that they may be surcharged or falsified at any time before the final settlement, upon a proper proceeding. Chilton’s Probate Court Law and Practice, 332; 6 Halsted 44; 13 Peters, 381; 2 Lomax Exrs. 311; Turney v. Williams, 7 Yerg. 210; Burwell v. Anderson, 3 Leigh, 348.
We think this is the true rule. Such partial settlements, are of great utility. They show the situation of the estate to all concerned; they relieve the executor or administrator from the danger arising from loss of vouchers, and place the burthen of proof upon those seeking to impeach them. The balance is carried into the next account, and so on from time to time, until the whole is adjusted in the final settlement. Chilton, et supra. The act of 1846, is in this respect, but a re-enactment of the previous law.
The petition filed in this case alleged fraud and error in the partial settlement of the administrator, and the court, upon demurrer dismissed the petition. This was erroneous.
The judgment will be reversed and cause remanded for further proceedings.